[NOT FOR PUBLICATION-NOT TO BE CITED AS PRECEDENT]

# United States Court of Appeals
## For the First Circuit

No. 00-1499

UNITED STATES,

Appellee,

v.

GILBERTO COWO, a/k/a SEALED DEFENDANT 27,
a/k/a EL TORO,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Héctor M. Laffitte, U.S. District Judge]

Before

Boudin, Chief Judge,
Campbell, Senior Circuit Judge,
and Lipez, Circuit Judge.

Carmen R. De Jesus on brief for appellant.
Guillermo Gil, United States Attorney, Jorge E. Vega-Pacheco, Assistant United States Attorney, and Thomas F. Klumper, Assistant United States Attorney, on brief for appellee.

November 20, 2001

**Per Curiam**. Gilberto Cowo, a citizen of Belize, appeals from the district court's denial of his motion to suppress all statements and evidence obtained from him at the time of his arrest on the ground that he was not informed at that time of his right to consular notification, pursuant to Article 36 of the Vienna Convention on Consular Relations, April 24, 1963, 21 U.S.T. 77, 596 U.N.T.S. 261, 1967 WL 18349 (ratified November 24, 1969) (the "Vienna Convention"). Cowo seeks to have his conviction vacated and to be deported to Belize or, in the alternative, to have the case remanded for the district court to make a determination of whether he was prejudiced by the failure to be informed of his right to consular notification.

We need not decide whether the failure to inform Cowo at the time of his arrest of his right to consular notification violated the Vienna Convention. The district court did not err in denying Cowo's motion to suppress. This court recently held in an en banc decision that "irrespective of whether or not the [Vienna Convention] create[s] individual rights to consular notification, the appropriate remedies do not include suppression of evidence or dismissal of the indictment." United States v. Li, 206

F.3d 56, 60 (1st Cir.) (en banc), <u>cert. denied</u>, 531 U.S. 956 (2000).  Cowo argues that <u>Li</u> was wrongly decided. "Even if we assume, for argument's sake, that in some extraordinary circumstance a panel might be warranted in declaring an earlier en banc decision obsolete and refusing to follow it, the appellant has offered no adequate justification for applying such a long-odds exception here." <u>Stewart</u> v. <u>Dutra Constr. Co., Inc.</u>, 230 F.3d 461 (1st Cir. 2000).

Gilberto Cowo's conviction and sentence are <u>affirmed</u>. <u>See</u> Loc.R. 27(c).